NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1611
_____

TINA BUBONOVICH,
                                                    Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE
FARM FIRE AND CASUALTY COMPANY; STATE FARM
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-19-cv-01537
District Judge: The Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
June 16, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed: July 6, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

SMITH, *Circuit Judge*

Tina Bubonovich was involved in a two-car vehicular accident. After recovering the available limits of the other driver's liability coverage and her own underinsured motorist (UIM) coverage, she filed a claim seeking the proceeds from her resident son's UIM coverage. When that claim was denied, she sued State Farm Mutual Automobile Insurance Company (State Farm Auto), State Farm Fire and Casualty Company (State Farm Fire), and State Farm, claiming that she was entitled to "stack" her son's UIM coverage on top of her own recovery. The District Court dismissed State Farm Fire from the suit because it did not issue the disputed insurance policies, and it also dismissed State Farm because State Farm "is not a proper legal entity." App'x at 4. The Court then granted State Farm Auto's motion for summary judgment, ruling that Plaintiff could not "stack" her son's UIM coverage because he had executed a valid stacking waiver.

Plaintiff appeals, arguing that the District Court erred in granting summary judgment to State Farm Auto. Because we see no error, we will affirm the District Court's judgment.

## I.

In 2015, the 2006 Scion xB that Plaintiff was driving was hit by another car and she suffered serious injuries. The other driver's insurance paid Plaintiff $50,000—the limit of his liability coverage. Pursuant to Plaintiff's own State

2

Farm Auto policy, State Farm paid her $25,000, the limit of her underinsured motorist coverage.

Plaintiff resides with her son, Nicholas Bubonovich. Nicholas is the named insured on his own State Farm Auto insurance policy. That policy does not list Plaintiff's Scion as an insured vehicle and has a limit of $100,000 for UIM coverage. Nicholas, however, executed a UIM stacking rejection waiver as to his policy. Plaintiff made a UIM claim under Nicholas's coverage, but State Farm Auto denied the claim based on Nicholas's waiver of his right to "stack" coverage. Such coverage, State Farm Auto contended, was otherwise unavailable because of the household exclusion.[1]

Plaintiff sued in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking the $100,000 limit of Nicholas's UIM coverage.[2] The Defendants removed the case to the Western District of Pennsylvania.[3]

---

[1] The household exclusion provides, "THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***." App'x at 77.

[2] The parties agree that if Plaintiff could recover under Nicholas's policy, she would be entitled to the full $100,000 amount of coverage.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment. *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021). Because we are exercising diversity jurisdiction, we apply

Because Plaintiff has already recovered the applicable limit of UIM coverage under her policy, the question is whether she can "stack" her son's UIM policy on top of her own recovery. The District Court correctly determined that the Pennsylvania Supreme Court answered this question in *Craley v. State Farm Fire & Casualty Company,* 895 A.2d 530 (Pa. 2006). In *Craley*, Jayneann Craley was driving with her infant son, Keith Craley, and her mother-in-law, Gloria Craley, when their car was hit by a drunk driver. *Id.* at 533. Jayneann was killed; Keith and Gloria were injured. *Id.* Gloria, as well as Jayneann's husband, Randall Craley, as administrator of Jayneann's estate and on behalf of Keith, both sought and received uninsured motorist (UM) coverage from Jayneann's auto insurance policy—the policy that covered Jayneann's car and on which she was the named insured. *Id.* The insurer paid the limits of that policy. *Id.* Randall and Gloria then sought UM coverage under Randall's separate single-vehicle policy. Yet Randall had executed a waiver of inter-policy stacking coverage prior to the accident. *Id.* at 533–34.

The Supreme Court of Pennsylvania concluded that because the parties were attempting to collect under Randall's policy, "[i]t is Randall's policy and its

Pennsylvania law to this dispute. *See Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994); App'x at 179 (selecting Pennsylvania law in a choice-of-law clause).

exclusions that are relevant to the legal issues presented in this case." *Id.* at 533. The Supreme Court held that stacking insurance can be validly waived in single-vehicle policies, and that because Randall had waived the ability to "stack" his insurance the claimants could not recover under his policy. *Id.* at 542.

Here, Plaintiff is trying to recover under Nicholas's policy. We, therefore, look to the terms of his policy to determine if Plaintiff may "stack" his coverage on top of her own. That attempt fails. The District Court correctly held that State Farm Auto was entitled to summary judgment.

Plaintiff argues that *Craley* does not govern because, in that case, both of the relevant policyholders waived stacking coverage. She points to the fact that she did not execute a stacking waiver. But the Pennsylvania Supreme Court's reasoning was clear. We look only to the policy under which the claimant is trying to recover to determine if coverage is available.[4] *Id.* at 533; *see also Donovan v. State Farm Mut. Auto. Ins. Co.*, 256 A.3d 1145, 1152, 1157–58 (Pa. 2021). As such, whether Plaintiff waived coverage is beside the point.

_____

[4] Plaintiff argues that Pennsylvania courts routinely look to other policies to determine if coverage is available for a claimant. But the cases she relies on, *Eichelman v. Nationwide Insurance Company*, 711 A.2d 1006, 1010 (Pa. 1998) and *Erie Insurance Exchange v. Mione*, 253 A.3d 754, 768 (Pa. Super. 2021), analyze whether the application of the household exclusion violated Pennsylvania public policy. Plaintiff does not argue that a stacking waiver violates public policy, so these cases do not undermine the clear rule set forth in *Craley*.

5

Plaintiff's two remaining arguments fare no better. First, she argues that she paid for stacking on her policy, so if stacking is not allowed here, she paid an extra premium and received no benefit. Yet she could have stacked her own benefits had she been injured while driving her son's car. *See Gallagher v. GEICO Indem. Co.,* 201 A.3d 131, 137–38 (Pa. 2019) (providing that when a named insured does not waive stacking coverage, he can recover under a policy in which he is a named insured even if he has already exhausted the policy limits covering the vehicle that he was driving at the time of the accident). Plaintiff then argues that if we honor the stacking waiver in Nicholas's policy, we are effectively voiding all of Nicholas's UIM coverage. But Nicholas could receive the benefit of his own UIM coverage were he to be injured by an underinsured driver. As such, denying stacking here does not deprive either the Plaintiff or her son of the "benefit of the bargain": they both get the insurance coverage they've paid for.

Finally, because it is clear that this case is controlled by *Craley*, we decline Plaintiff's invitation to certify a question to the Pennsylvania Supreme Court. *See United States v. Defreitas*, 29 F.4th 135, 141 (3d Cir. 2022) ("Certifying a question where the answer is clear is inappropriate and unnecessary.").[5]

---

[5] Because the District Court correctly granted summary judgment due to Nicholas's stacking waiver, we need not reach the parties' arguments regarding the household exclusion.

## III.

For the reasons stated above, we will affirm the judgment of the District Court.